# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE  DIVISION

| | | |
|---|---|---|
| **BRYSON DESHAWN DIXON,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:16CV00080 |
| | ) | |
| v. | ) | **DISMISSAL ORDER** |
| | ) | |
| **DANVILLE CITY JAIL** | ) | By:  James P. Jones |
| **ADMINISTRATION, ET AL.,** | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

This pro se prisoner civil rights action under 42 U.S.C. § 1983 is is before me on the defendants' Motion to Dismiss, filed May 23, 2016.  On May 24, 2016, the court mailed a notice advising the plaintiff, Bryson Deshawn Dixon, that the court would give him 21 days to submit any further counter-affidavits or other relevant evidence contradicting, explaining or avoiding the defendants' evidence before ruling on their motion.  The notice warned Mr. Dixon:

> If Plaintiff does not respond to Defendant[s'] pleadings, the Court will assume that Plaintiff has lost interest in the case, and/or that Plaintiff agrees with what the Defendant[s] state[ ] in their responsive pleading(s). If Plaintiff wishes to continue with the case, it is necessary that Plaintiff respond in an appropriate fashion. Plaintiff may wish to respond with counter-affidavits or other additional evidence as outlined above. However, if Plaintiff does not file some response within the twenty-one (21) day period, the Court may dismiss the case for failure to prosecute.

(Notice, ECF No. 20) (emphasis in original.)

Since mailing the notice to Mr. Dixon, the court has received no further communication from him about this case, and the deadline for his response to the defendants' motion has passed. Accordingly, I conclude that, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, Mr. Dixon has failed to prosecute this action. *See gen. Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

The court having duly notified the parties that Mr. Dixon's failure to respond to the defendants' dispositive motion would be interpreted as failure to prosecute and would be cause for dismissal of the action without prejudice, it is hereby **ORDERED** that this action is DISMISSED without prejudice for failure to prosecute, *see* Fed. R. Civ. P. 41(b); the defendants' motion (ECF No. 18) is DISMISSED without prejudice; and the clerk will CLOSE the case.

Mr. Dixon is advised that if he intends to proceed with this action, he must petition the court within 30 of the entry of this order for a reinstatement of this action. Any motion for reinstatement should provide specific explanation for Mr. Dixon's failure to respond in a timely fashion to defendants' dispositive motion.

A separate Order will be entered herewith.

DATED: July 11, 2016

/s/ James P. Jones
United States District Judge